· EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LEOPOLDO RIVERA, acusado y apelante.

No. 2681.—*Visto:* Marzo 18, 1926. *Resuelto:* Abril 13, 1926.

1. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI — CUESTIONES SOBRE LA PRUEBA — APRECIACIÓN DE LAS PRUEBAS—CREDIBILIDAD A TESTIGOS POR LA APRECIACIÓN HECHA.—El hecho que un juez dé absoluta credibilidad a un testigo no quiere decir que dejara de apreciar el resto de la prueba.

2. DERECHO PENAL—FALLO (*Judgment*), SENTENCIA Y AUTO DE PRISIÓN (*Commitment*) FINAL — BASE DEL FALLO EN GENERAL. — Presentada prueba en causa criminal de que el acusado fué denunciado ante y absuelto por una corte municipal de delitos relacionados con el hecho que dió origen a dicha causa, la corte de distrito no viene obligada por el juicio que formara el juez municipal. Sólo las alegaciones y pruebas ante ella formuladas y practicadas constituyen la base de su fallo.

3. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN — PRESUNCIONES—EXAMEN DE TESTIGOS—INTERVENCIÓN DEL JUEZ INFERIOR.—A falta de una demostración en contrario, debe presumirse en apelación que cuando un juez de distrito interviene, como en este caso, para indicar a un testigo que si el estado de su cerebro no le permitía seguir declarando podía pedir un receso, fué porque observó algo que lo hizo creer que su intervención era necesaria.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al acusado por delito de portar armas prohibidas, sin costas. *Confirmada.*

*Enrique Díaz Viera* y *Arcilio Alvarado,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El fiscal formuló acusación contra Leopoldo Rivera imputándole la comisión de un delito de portar armas prohibidas consistente en llevar sobre su persona un *black-jack* (macana de plomo). Celebróse el juicio y la corte de distrito dictó sentencia condenatoria imponiendo al acusado noventa días de cárcel. Apeló el acusado.

Durante el juicio se suscitaron varias cuestiones que han

sido luego abandonadas.   En su alegato el apelante sólo se-
ñala dos errores, así:

"1. La corte inferior erró al apreciar la prueba del Pueblo dán-
dole absoluta credibilidad al testigo policía Primitivo Casiano, y
dejando de apreciar las demás pruebas, especialmente la prueba de
defensa, y movida por pasión o prejuicio condenó al acusado.

"2. La corte inferior erró al intervenir indebidamente en la re-
pregunta del testigo Primitivo Casiano, policía, ilustrando al testigo
para que evadiera, como evadió la repregunta, en perjuicio del de-
recho esencial del acusado."

[1, 2] Al pronunciar su sentencia, el juez del distrito ex-
puso oralmente los fundamentos de la misma.   Entre otras
cosas dijo:

". . . . Y la corte, por la apreciación que hace de la prueba, o
sea, dando absoluta credibilidad al testigo cabo de la Policía, Pri-
mitivo Casiano, que ha declarado ante la corte que vió que este acu-
sado portaba en el bolsillo interior ese *black-jack,* que lo ha recono-
cido, que le vió las correítas, que vió cuando este acusado penetró
en el patio y lo tiró y entonces vinieron varias personas al patio
ese en que el acusado entró y recogieron ese *black-jack,* la Corte
entiende que la ley y los hechos están en contra de este acu-
sado. . . ."

Las palabras del juez no tienen el alcance que le atri-
buye el apelante.   El hecho de que "diera absoluta credibi-
lidad" al testigo Casiano no quiere decir que dejara de
apreciar el resto de la prueba.   Antes había dicho: "por
la apreciación que hace de la prueba."

La evidencia fué contradictoria.   Según los testigos de
descargo ningún arma portaba el acusado.   La declaración
del policía constituyó una imputación directa y completa.
Y lo que hizo el juez sentenciador fué resolver el conflicto
en contra del acusado.

¿Erró manifiestamente el juez de distrito al actuar de
tal modo?   Para sostener la afirmativa entra el apelante
en un detallado examen de la prueba y entre otros puntos
sostiene que:

"Es notable que la Corte inferior no dió peso alguno al hecho de que las tres denuncias presentadas por el cabo Casiano contra el acusado, una de ellas por acometimiento y agresión con el mismo *black-jack* que se alega, fueron resueltas a favor del acusado, absolviéndolo la Corte Municipal de Yauco, . . . ."

La defensa introdujo en el acto de la vista prueba documental demostrativa de que el acusado había sido denunciado ante y absuelto por la Corte Municipal de Yauco de tres delitos más o menos relacionados con el hecho que dió origen a esta causa, a saber: acometimiento y agresión, alteración de la paz pública y violación de la ley de automóviles. Refiriéndose a esa prueba, el juez sentenciador dijo:

" . . . . Si el honorable juez municipal de Yauco absolvió a este acusado en un delito de acometimiento y agresión y otros delitos, esta corte no tiene que tener en cuenta esas absoluciones; él se encontró en varios casos en que entendió que debía absolver, y con arreglo a su conciencia y con arreglo a la evidencia aportada, dictó sentencia en aquellos casos absolviendo al acusado. . . ."

En modo alguno estaba obligada la corte de distrito por el juicio que formara el juez municipal. Sólo las alegaciones y las pruebas ante ella formuladas y practicadas podían servir de base a dicha corte para rendir su fallo.

Hemos estudiado por nosotros mismos la evidencia y no podemos convenir con el apelante en que sea de tal manera fuerte en favor del acusado y tan deleznable en su contra que deba concluirse que sólo a virtud de pasión, prejuicio o parcialidad pudiera llegarse a la conclusión a que llegó el juez sentenciador. No existe, pues, el primero de los errores señalados.

[3] Tampoco el segundo. Muestran los autos que el primer testigo que se llamó a declarar fué Primitivo Casiano, cabo de la Policía Insular. El interrogatorio directo ocupa unas dos páginas del récord. Comenzó el abogado el suyo y cuando había insistido preguntando y repitiendo llegando a llenar más de cinco páginas del récord, ocurrió lo que sigue:

"P. ¿Cuándo llegó a sus manos?—R. Como cinco minutos des-

pués.—P. ¿Quién lo entregó en sus manos?—R. El guardia Burgos me lo pasó.—P. ¿Cinco minutos después se lo pasó a usted?—Bien. ¿Dijo usted que cuando el incidente entre usted y el acusado junto al automóvil alguien fué a buscar al guardia Burgos? ¿No fué así? —R. Fué alguien.—P. ¿Y vino después?—R. Casi en los momentos. —P. ¿Y ese alguien anduvo ciento veinticinco metros en ir a buscar a Burgos y Burgos vino de allá. Cinco minutos, más cinco, son diez minutos, que se echaron en ir a buscar a Burgos y venir Burgos. ¿Cuánto tiempo estuvieron en la lucha y la ocupación del *black-jack* por el policía?—Fiscal: Esa es una conclusión que hace: como cinco minutos, que decía que vino en cinco minutos.—Esa es una apreciación de la prueba que hace la Corte.—Abogado: Nosotros apelamos al record para decir que a los cinco minutos de la lucha fué que se ocupó el *black-jack*.—P. ¿Dígame, señor, cuando . . . . —Juez: Si su cerebro de usted no está en condición para poder declarar, usted pide un receso, porque de repregunta a repregunta pueden llevarlo a usted a tales confusiones, a tales conclusiones, donde usted declararía cosas que no podría declarar si su cerebro estuviera completamente despejado. ¿Usted puede continuar?—R. Sí señor.—Juez: Continúe entonces contestando al abogado defensor. —Abogado: P. ¿Dígame, no es cierto que ese *black-jack* estaba en poder de otra persona cuando lo ocupó o lo tomó el guarlia Burgos? —R. Estaba en poder, primero de éste. (El testigo señala al acusado.) Y después lo tiró a la tierra y después el guardia fué que me lo entregó en mis manos.''

Hay algo que escapa a las transcripciones taquigráficas y es la apariencia del testigo al declarar, el temblor de sus manos, la palidez de su semblante, su mirada firme o extraviada, su rostro, en fin, que es el espejo de su alma. A través de sus contestaciones conservadas por el taquígrafo mucho pueden ciertamente ver y deducir del estado de ánimo de los testigos los jueces de las cortes de apelación, pero nunca tanto como el juez sentenciador.

Debemos presumir en este caso que cuando el juez de distrito intervino fué porque observó algo que creyó que así lo requería. Nada hay que demuestre lo contrario. El juez está obligado a dirigir los juicios de tal modo que reconociendo los derechos de todas las partes por igual no permita a ninguna de ellas usar de esos derechos en forma que re-

sulte abusiva u opresiva contra los testigos que tienen de-
rechos también que deben ser reconocidos por la corte. Y
mientras no se demuestre lo contrario, como no se ha demos-
trado, debe presumirse que el juez actuó aquí inspirado en
tal principio.

Además, ni se tomó excepción, ni perjuicio alguno se oca-
sionó al acusado. El testigo dijo al juez que podía contes-
tar y siguió contestando al abogado en la forma que hemos
visto.

*Debe confirmarse la sentencia apelada.*